## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., | § § § | Civil Action No. 2:17-cv-00258 |
| Plaintiffs, | § § § | |
| v. | § § | PATENT CASE |
| APPLE INC., | § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (collectively, "Uniloc"), as and for their complaint against defendant, Apple Inc. ("Apple"), allege as follows:

### THE PARTIES

1.     Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.   Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.     Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.     Upon information and belief, Apple is a California corporation having a principal place of business in Cupertino, California and regular and established places of business at 2601

Preston Road, Frisco, Texas and 6121 West Park Boulevard, Plano, Texas.  Apple offers its

products and/or services, including those accused herein of infringement, to customers and

potential customers located in Texas and in the judicial Eastern District of Texas.  Apple may be

served with process through its registered agent for service in Texas: CT Corporation System,

1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.      Uniloc brings this action for patent infringement under the patent laws of the

United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331, 1338(a), and 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and

1400(b).  Upon information and belief, Apple is deemed to reside in this judicial district, has

committed acts of infringement in this judicial district, and/or has purposely transacted business

involving the accused products in Texas and this judicial district.

6.      Apple is subject to this Court's jurisdiction pursuant to due process and/or the

Texas Long Arm Statute due at least to its substantial presence and business in this State and

judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing

and/or soliciting business in Frisco and Plano, Texas, and/or (C) engaging in persistent conduct

and deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 9,414,199)

7.      Uniloc incorporates paragraphs 1-6 above by reference.

8.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 9,414,199

("the '199 Patent"), entitled PREDICTIVE DELIVERY OF INFORMATION BASED ON

DEVICE HISTORY that issued on August 9, 2016.  A true and correct copy of the '199 Patent is attached as Exhibit A hereto.

9.      Uniloc USA is the exclusive licensee of the '199 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue, and recover past damages for the infringement thereof.

10.      Apple makes, uses and sells software, including iOS 7 and later releases, used in mobile electronic devices (such as iPhones) that incorporates a feature known as "Frequent Locations."

11.      The Frequent Locations feature keeps track of places a user has been and provides personalized services such as predictive traffic routing:

> Frequent Locations: To learn places that are significant to you, your iOS device will keep track of places you've recently been, as well as how often and when you visited them. This data is kept solely on your device and won't be sent to Apple without your consent. It will be used to provide you with personalized services, such as predictive traffic routing.

12.      The Frequent Locations feature allows a device such as a iPhone to keep track of places a user has visited and predicts where the user may go next:

> These alerts draw on iOS 9's Frequent Locations feature, which the Maps app uses to provide what Apple calls predictive traffic routing. Your iPhone keeps track of places you've visited recently and often, then guesses where you're headed next and provides a corresponding traffic update.

13.      The Frequent Locations feature stores information regarding the number of times a user has visited a location:



14.     The Frequent Locations feature is used to provide predictive information, such as expected travel time, to the user:



15.     Apple has directly infringed, and continues to directly infringe, one or more claims of the '199 Patent in the United States during the pendency of the '199 Patent, including at least claims 1-4, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, and/or selling the devices using iOS 7 and later releases that provide predictive information to the user based, *inter alia,* upon the user's prior presence at a location.

16.     In addition, should use of the accused software and host device be found to not literally infringe the asserted claims of the '199 Patent, use of the software and host device would nevertheless infringe the asserted claims of the '199 Patent.  More specifically, use of the

Frequent Locations feature performs substantially the same function (providing predictive information to a user), in substantially the same way (via delivery to the user's host device based upon information stored regarding the user's prior location), to yield substantially the same result (delivering useful information to the user, such as expected travel times).  Apple would thus be liable for direct infringement under the doctrine of equivalents.

17.     Apple has indirectly infringed, and continues to indirectly infringe, at least claims 1-4 of the '199 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, or selling of devices that incorporate the Frequent Locations feature.  Apple's customers who use such devices in accordance with Apple's instructions directly infringe one or more of the foregoing claims of the '199 Patent in violation of 35 U.S.C. § 271.  Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation, and/or user guides such as those located at one or more of the following:

- www.apple.com, including:

      www.apple.com/privacy/manage-your-privacy

- https://support.apple.com

- www.youtube.com, including:

      www.youtube.com/watch?v=s2T9wOgYgjI

Apple is thereby liable for infringement of the '199 Patent under 35 U.S.C. § 271(b).

18.     Apple has indirectly infringed, and continues to indirectly infringe, at least claims 1-4 of the '199 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation, customers using the Frequent Locations feature, by making, offering to sell, and/or selling a component of a

patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '199 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19.     For example, the Frequent Locations software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Apple is, therefore, liable for infringement under 35 U.S.C. § 271(c).

20.     Apple will have been on notice of the '199 Patent since, at the latest, the service of this complaint upon Apple.  By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-4 of the '199 Patent.

21.     Apple may have infringed the '199 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Frequent Locations feature.  Uniloc reserves the right to discover and pursue all such additional infringing software.

22.     Uniloc has been damaged, reparably and irreparably, by Apple's infringement of the '199 Patent and such damage will continue unless and until Apple is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,838,976)

23.     Uniloc incorporates paragraphs 1-6 above by reference.

24.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,838,976 ("the '976 Patent"), entitled WEB CONTENT ACCESS USING A CLIENT DEVICE

IDENTIFIER that issued on September 16, 2014.  A true and correct copy of the '976 Patent is attached as Exhibit B hereto.

25.     Uniloc USA is the exclusive licensee of the '976 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue, and recover past damages for the infringement thereof.

26.     Apple makes, uses and sells devices such as iPhones and iPads that communicate with Apple's iTunes, App Store, and iCloud.

27.     In order to use Apple services such as iTunes, iCloud and the App Store, users of Apple devices, such as iPhones and iPads, need to create an Apple ID:

> Your Apple ID is the account you use to access all Apple services—and you only need one to sign in everywhere. If you use Apple services like the iTunes & App Stores, Apple Music, iCloud, iMessage, and FaceTime, then you already have an Apple ID and don't need to create a new one.

28.     The following image shows that the Apple ID includes user-configurable parameters such as a password:



29.     As shown in the following, the Apple devices also store a non-user-configurable Unique Device Identifier ("UDID"):

> A UDID is a 40 character string of letters and numbers, sort of like a serial number, and uniquely identifies a particular iOS device, including iPhones, iPads, and iPod touches. The alphanumeric code looks completely random to people, but it is actually based on various hardware characteristics. Like a serial number, each iOS device has a UDID that refers to only that specific device. You can see your own device's UDID by going into iTunes and clicking on your device's serial number on its sync screen.

30.     The Apple ID and UDID allow for authentication of the user by Apple:

> The device will always prompt for the Apple ID password. Password settings can be modified in General>Restrictions>Password Settings to either always require, or to only require after 15m. This authentication associates the device UDID with that Apple ID in Apple's iTunes cloud.

31.     Apple has directly infringed, and continues to directly infringe, one or more claims of the '976 Patent in the United States during the pendency of the '976 Patent, including at least claim 13 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, and/or selling, *inter alia*, devices, including iPhones and iPads, that connect to iTunes, iCloud and the App Store as set forth above.

32.     In addition, should use of the accused software and devices be found to not literally infringe the asserted claim of the '976 Patent, use of the software and devices would nevertheless infringe the asserted claim of the '976 Patent.  More specifically, the devices perform substantially the same function (providing authentication of a user), in substantially the same way (via transmitting user-configurable and non-user-configurable information to Apple), to yield substantially the same result (ensuring that the user is legitimate).  Apple would thus be liable for direct infringement under the doctrine of equivalents.

33.     Apple has indirectly infringed, and continues to indirectly infringe, at least claim 13 of the '976 Patent in the United States by, among other things, actively inducing the using, offering for sale, and/or selling of the accused software and devices.  Apple's customers who use such devices in accordance with Apple's instructions directly infringe claim 13 of the '976

8

Patent in violation of 35 U.S.C. § 271.  Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation, and/or user guides such as those located at one or more of the following:

- www.apple.com

- https://support.apple.com

- https://appleid.apple.com

- https://itunes.apple.com

- www.youtube.com

Apple is thereby liable for infringement of the '976 Patent under 35 U.S.C. § 271(b).

34.     Apple has indirectly infringed, and continues to indirectly infringe, at least claim 13 of the '976 Patent in the United States by, among other things, contributing to the direct infringement by others including by making, offering to sell, and/or selling the accused software that is a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '976 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35.     For example, the accused software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Apple is, therefore, liable for infringement under 35 U.S.C. § 271(c).

36.     Apple will have been on notice of the '976 Patent since, at the latest, the service of this complaint upon Apple.  By the time of trial, Apple will have known and intended (since

receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of claim 13 of the '976 Patent.

37.     Apple may have infringed the '976 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the accused software and devices.   Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

38.     Uniloc has been damaged, reparably and irreparably, by Apple's infringement of the '976 Patent and such damage will continue unless and until Apple is enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 8,239,852)

39.     Uniloc incorporates paragraphs 1-6 above by reference.

40.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,239,852 ("the '852 Patent"), entitled REMOTE UPDATE OF COMPUTERS BASED ON PHYSICAL DEVICE RECOGNITION that issued on August 7, 2012.  A true and correct copy of the '852 Patent is attached as Exhibit C hereto.

41.     Uniloc USA is the exclusive licensee of the '852 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue, and recover past damages for the infringement thereof.

42.     Apple makes, uses and sells iOS software that is used in devices such as iPhones, iPads, iPods, and Mac devices.  From time-to-time, Apple makes updated versions of the iOS available for use on such devices.

43.     As set forth above, users of such devices need to create an Apple ID and the devices also use a UDID.

44.     Each user's iOS software has a unique identifier.

45.    The Apple devices incorporate at least one processor (e.g., A8), a memory connected to the processor for storing, *inter alia*, authentication software, and at least one transceiver for sending the authentication information to Apple.

46.    The Apple devices send the authentication information, including Apple ID, UDID, and software identifier, to Apple.

47.    If Apple confirms that the user is authentic, the user receives the updated software from Apple in accordance with the terms of Apple's EULAs, such as the following:

> B. Apple, at its discretion, may make available future upgrades or updates to the Apple Software for your Apple-branded computer. Upgrades and updates, if any, may not necessarily include all existing software features or new features that Apple releases for newer or other models of Apple-branded computers. The terms of this License will govern any software upgrades or updates provided by Apple that replace and/or supplement the original Apple Software product, unless such upgrade or update is accompanied by a separate license in which case the terms of that license will govern.

48.    Apple has directly infringed, and continues to directly infringe, one ore more claims of the '852 Patent in the United States during the pendency of the '852 Patent, including at least claim 18 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, and/or selling, *inter alia*, software and devices that provide for receiving upgrades from Apple as described above.

49.    In addition, should use of the accused software and devices be found to not literally infringe the asserted claim of the '852 Patent, use of the software and devices would nevertheless infringe the asserted claim of the '852 Patent.  More specifically, they perform substantially the same function (receiving software upgrades from Apple), in substantially the same way (via the authentication procedure), to yield substantially the same result (ensuring that the upgrade is received by a legitimate user in accordance with the Apple software license). Apple would thus be liable for direct infringement under the doctrine of equivalents.

50.      Apple has indirectly infringed, and continues to indirectly infringe, at least claim 18 of the '976 Patent in the United States by, among other things, actively inducing the using, offering for sale, and/or selling of the accused software and devices.  Apple's customers who use such devices in accordance with Apple's instructions directly infringe claim 18 of the '852 Patent in violation of 35 U.S.C. § 271.  Apple directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation, and/or user guides such as those located at one or more of the following:

- www.apple.com

- https://support.apple.com

- https://appleid.apple.com

- https://itunes.apple.com

- www.youtube.com

Apple is thereby liable for infringement of the '852 Patent under 35 U.S.C. § 271(b).

51.      Apple has indirectly infringed, and continues to indirectly infringe, at least claim 18 of the '852 Patent in the United States by, among other things, contributing to the direct infringement by others including by making, offering to sell, and/or selling, the accused software that is a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '852 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.      For example, the accused software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the software is a material part of the claimed inventions and upon information and

belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Apple is thereby liable for infringement under 35 U.S.C. § 271(c).

53.     Apple will have been on notice of the '852 Patent since, at the latest, the service of this complaint upon Apple.  By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of claim 18 of the '852 Patent.

54.     Apple may have infringed the '852 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the accused software and devices.  Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

55.     Uniloc has been damaged, reparably and irreparably, by Apple's infringement of the '852 Patent and such damage will continue unless and until Apple is enjoined.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Apple as follows:

(A)     declaring that Apple has infringed the '199 Patent, the '976 Patent, and the '852 Patent;

(B)     awarding Uniloc its damages suffered as a result of Apple's infringement of the '199 Patent, the '976 Patent, and the '852 Patent;

(C)     enjoining Apple, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '199 Patent, the '976 Patent, and the '852 Patent;

(D)     awarding Uniloc its costs, attorneys' fees, expenses, and interest; and

(E)     granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to FED. R. CIV. P. 38.

Date: April 3, 2017.                    Respectfully submitted,

*/s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: pjhayes@princelobel.com
Email: jjfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com


Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

14