# *EXHIBIT A*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG S.A.,<br><br>                Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br><br>               Defendant. | Case No. 2:17-cv-00258<br><br>**JURY TRIAL DEMANDED** |

## APPLE INC.'S [PROPOSED] VENUE-RELATED DISCOVERY

Pursuant to Rules 26(d)(1), 33, and 34 of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple") hereby requests that Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. ("Uniloc") produce a copy of, or produce for inspection and copying, the documents or tangible things set forth below, and answer the interrogatories contained herein within thirty days of the service hereof or at such other time as the Court may order or the parties may agree, at the offices of Gillam & Smith LLP, 303 S. Washington Avenue, Marshall, TX 75670, or at such other place as the parties may mutually agree.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), will take the deposition of Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc"), upon oral examination and under oath on the topics designated herein. The deposition will occur on July ___, at 9:00am, at the offices of Gillam & Smith, 303 S. Washington Avenue, Marshall, TX 75670, or at such other date and time as the parties may agree.  The deposition will continue from day to day until concluded, Saturdays, Sundays, and legal holidays excepted.  The deposition will be taken before a court reporter, stenographer, or

other person authorized to administer oaths.  The deposition will be recorded by stenographic and/or videographic means.

## DEFINITIONS

A.      "You," "Your," "Uniloc," or "Plaintiff" means Plaintiffs Uniloc USA, Inc., Uniloc Luxembourg S.A., any officers, members, managers, employees, or agents of Uniloc USA, Inc. or Uniloc Luxembourg S.A., and any predecessors, successors, subsidiaries, parents or affiliates of Uniloc USA, Inc. or Uniloc Luxembourg S.A.

B.      The term "Other Recent Uniloc Litigation" refers to any civil action initiated by Uniloc USA, Inc., Uniloc Luxembourg, Inc., or any parent, subsidiary, or affiliate thereof in the Eastern District of Texas <u>within two years of the date hereof</u> asserting infringement of one or more patents, other than the above-captioned case.

C.      "Patent at Issue" or "Patents at Issue" means U.S. Patent Nos. 9,414,199; 8,838,976; and 8,239,852; or any one or more of these patents, as identified in Uniloc's Complaint.

## INSTRUCTIONS

A.      Each request herein shall be answered in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and any Standing Orders of the Court.

## REQUEST FOR PRODUCTION

1.      A copy of each motion or brief seeking or opposing transfer in any Other Recent Uniloc Litigation that was filed under seal because it was alleged to contain Uniloc's confidential information, and any exhibit or deposition transcript cited or referenced in any such motion or brief or any opposition, reply, or surreply thereto.  This request does not seek production of documents that are publicly available on PACER.  For responsive documents that a non-Uniloc defendant in any Other Recent Uniloc Litigation alleged to contain that defendant's (or a third party's) confidential information, this request seeks production of those documents only to the extent that a redacted version already exists and is within Uniloc's possession, custody, or control.

## INTERROGATORIES

1.      For each Uniloc officer, member, manager, agent, or employee who resides, works, or conducts business within either or both of the states of California and Texas, and whom Uniloc contends has information relevant to the Patents-in-Suit or to Uniloc's claims in this case, state that individual's name, title, job description, the general subject matter or categories of the relevant information he or she is alleged to possess, and all cities or towns where that individual resides and/or works.

2.      If any individual identified in response to Interrogatory No. 1 resides or works at more than one location, state the approximate percentage of time that each such individual has resided or worked at each such location for each of the past three calendar years.

**TOPICS FOR EXAMINATION**

1.      The location of Uniloc's headquarters and, if such location has changed within the last five years, the timing and circumstances of that change.

2.      The nature of Uniloc's business activities in during the past five years that relate in any way to the Patents-in-Suit or to Uniloc's claims in this litigation, and the locations at which such activities occurred, including but not limited to any business activities carried out by any Uniloc officers, members, managers, or employees while residing in, working in, or traveling to, California and/or Texas.

3.      The nature and frequency of any contacts between Craig S. Etchegoyen or Sean D. Burdick and the state of California in the past three years, including any activities relating to Uniloc or the Patents-in-Suit performed by Mr. Etchegoyen or Mr. Burdick while in California.

4.      The subject matter, type, and approximate quantity of documents in Uniloc's possession, custody, or control, that Uniloc contends relate to the Patents-in-Suit or to Uniloc's claims in this litigation, and the location(s) where those documents are located and/or from which those documents can be accessed.

5.      The nature and location of any documents, software, hardware, or activities that relate to, embody, or implement the "proprietary technology platform which enables [Uniloc] to cost effectively develop and prosecute patents; identify and acquire new high-value patent assets; and manage multiple, simultaneous licensing and enforcement campaigns," as described for instance at http://www.marathonpg.com/news/press-releases/detail/1103/marathon-patent-group-and-uniloc-provide-update-on-proposed, and any witnesses knowledgeable about such documents, software, hardware, and activities.

Date: June 21, 2017

Respectfully submitted,

By:  */s/ Michael Pieja*
Michael T. Pieja
Alan E. Littmann
Doug Winnard
Emma C. Neff
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
eneff@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 21, 2017, the foregoing document was served upon all counsel of record as an Exhibit to Apple's Motion for Leave to Propound Venue Discovery via the CM/ECF system.

*/s/ Michael Pieja*
Michael Pieja

5