IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br>      Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br>      Defendant. | Civil Action No. 2:17-cv-00258-JRG |

**PLAINTIFFS' OPPOSED MOTION TO FILE PLAINTIFFS' OPPOSITION
TO DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO
PROPOUND VENUE DISCOVERY UNDER SEAL**

Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Uniloc") file this Opposed Motion requesting permission to file Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Leave to Propound Venue Discovery ("Opposition"), and supporting exhibits under seal.

**I.     INTRODUCTION**

The Opposition and supporting exhibits contain personal information of certain employees of Uniloc with no relevance to this case. Therefore, Uniloc requests permission to file the Opposition, and supporting exhibits under seal. Defendant's counsel only partially opposes this motion. More particularly, Defendant's counsel indicated that their opposition is limited to information concerning when individuals moved to certain states.

**II.    ARGUMENT**

The public has a common law right of access to judicial proceedings and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 599, 597 (1978); *S.E.C. v. Van Waeyenberghe et al.*, 990 F.2d 845, 848 (5th Cir. 1993); *see also United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (there is a "strong presumption that all trial proceedings

should be subject to scrutiny by the public."). However, the Court has the discretion to balance the public's common law right of access against the interests favoring nondisclosure. *Nixon*, 435 U.S. at 602; *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). "Where the materials relate to non-dispositive issues, the interest in disclosure is less compelling." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017). "In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting. *Id.*"

Here, the information sought to be sealed is information that is personal in nature, which has not been disclosed to the public. This information bears no relevance to the merits of this case, but only relates to the personal information of certain employees of the Plaintiffs. Therefore, Uniloc respectfully requests that the Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Leave to Propound Venue Discovery, the Declaration of Sean D. Burdick in Support of Plaintiffs' Opposition to Defendant's Motion for Leave to Propound Venue Discovery, and the Declaration of Kevin Gannon in Support of Plaintiffs' Opposition to Defendant's Motion for Leave to Propound Venue Discovery and exhibits be sealed.  *See Conn Credit I, LP v. TF LoanCo III, LLC*, No. 1:14-CV-429, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016)(ordering to be sealed personal information regarding consumers).

Dated: July 5, 2017                                Respectfully submitted,

*/s/ Kevin Gannon*
Paul J. Hayes
Kevin Gannon
Daniel McGonagle
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: dmcgonagle@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), I hereby certify that I conferred with counsel of record via telephone on July 5, 2017, regarding the subject matter of this Motion. Defendant is unopposed to the above motion.

*/s/ Kevin Gannon*

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 5, 2017.

*/s/ Kevin Gannon*