# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG S.A.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 2:17-cv-00258<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF
## PARTIALLY-DISPUTED PROTECTIVE ORDER

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc"), and Defendant Apple Inc. ("Apple") hereby respectfully move the Court for entry of the Protective Order attached hereto as Exhibit A.

The parties have reached agreement on almost all of the terms of the Protective Order. However, a dispute remains with respect to one issue: whether the Protective Order should include a provision barring those of Uniloc's counsel who review Apple's confidential technical materials from advising Uniloc on the acquisition of patents whose subjects relate to the materials that they reviewed. The parties have met and conferred in good faith and are unable to resolve this issue. The disputed provision is reflected in Paragraph 6(c) of the proposed Protective Order. Each party's provision on the disputed provision is set forth herein.

| Uniloc's Proposal | Apple's Proposal |
|---|---|
| [Plaintiff submits that Defendant's proposal for an "acquisition bar" is not warranted in this case, and Defendant has failed to provide any good cause showing the need for such a bar at this time.] | Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not advise, counsel, participate, or assist in the acquisition of any patents or patent applications that (1) relate to the subject matter of the asserted patents in this case;[1] and (2) relate to the subject matter of the HIGHLY SENSITIVE TECHNICAL MATERIAL that such individual reviewed.  For the avoidance of doubt, the "acquisition" of patents under this section includes any analysis or evaluation of patents for the purposes of evaluating whether, and/or for what price, to acquire them.  These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one (1) year after the settlement and/or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action |

**Uniloc's Position:**

Uniloc respectfully submits that the Patent Acquisition Bar proposed by Defendant is an unnecessary addition to the Protective Order, which expressly provides that "[a]ll Protected

---

[1] The subject matter of the asserted patents involves (a) providing appropriate updates to software/hardware configurations; (b) creation or use of parameters that operate as device, machine, or use identifiers to authenticate a user to access services; or (c) providing targeted information to a user's device based on a user's predicted location when location data and likelihood data satisfy pre-determined criteria.

Material shall be used solely for this case . . . and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition . . . or any business or competitive purpose or function." Exhibit A at ¶ (6)(a).  As such, the Protective Order already prohibits counsel from using any Protected Materials for the purpose of advising any party on the acquisition of a patent.

Defendant nevertheless proposes that counsel for Plaintiffs be prohibited from advising any party about the acquisition of a patent broadly relating to the subject matter of the asserted patents if Plaintiffs' counsel has viewed any of Defendant's technical information "relating to the patent to be acquired." Despite its claim to the contrary such an Acquisition Bar would constitute an automatic disqualification of Plaintiffs' counsel from many acquisition activities without regard to whether any particular harm might be prevented by the proposed disqualification.

As Section 6(a) of the Proposed Protective Order already expressly prohibits Counsel from using Protected Material for the purpose of patent acquisitions, it is unclear how the proposed Patent Acquisition Bar would serve any purpose if not to disqualify Plaintiffs' counsel from involvement in patent acquisitions where such disqualification would not be warranted based on the material actually viewed by the attorney. In fact, the Court has already decided this issue in Uniloc's favor in Case 2:16-cv-00642-JRG Dkt. 126, where it rejected Defendant's nearly identical Patent Acquisition Bar proposal outright. Although Defendant claims to have narrowly tailored its current proposal, the proposed ban still covers an unreasonably wide swath of activities that cause no identifiable harm whatsoever to Defendant.

In a last ditch effort to articulate a tangible risk Defendant implies that Uniloc's recent purchase of several patents and subsequent enforcement actions against it may have been

influenced by confidential information disclosed to Uniloc's counsel in an earlier case. Such an implication has no basis in fact. The bottom line is that the proposed Protective Order without Defendant's Acquisition Bar proposal prohibits the use of Defendant's Protected Materials for any purpose other than the instant litigation. Counsel has scrupulously complied with this provision in prior cases and intends to do so in this case as well. Imposing the additional burden proposed by Defendant merely serves to disqualify Uniloc's counsel from otherwise unobjectionable actions while providing no further protection for Defendant's confidential information.

Therefore, Uniloc respectfully requests that the Court deny Defendant's request for a Patent Acquisition Bar.

**Apple's Position:**

Apple's proposed acquisition bar addresses a concrete, serious risk. Uniloc's business model is based on buying patents with which to sue companies, such as Apple. In selecting which patents to buy, the most relevant material Uniloc could have is confidential technical information about how its target's products work. Apple will, in this case, divulge to Uniloc's counsel that exact information. And Uniloc is insisting that the same individuals who see this material be allowed to turn around and advise Uniloc as to which patents to acquire next.

Courts have recognized the unacceptable risk in this scenario: no matter how scrupulous, Uniloc's counsel cannot empty their memories on command. Counsel may therefore inadvertently use confidential material they remember about Apple's products when advising Uniloc on the same subject. In *E-Contact Techs., LLC v. Apple Inc.*, for example, a court in this district approved an acquisition bar for exactly this reason:

> Counsel for Plaintiff has acquiesced to the imposition of a patent prosecution bar, and, therefore, apparently agrees that there could possibly be a risk of inadvertent

> disclosure of Defendants' confidential information in the course of representing their client before the PTO. Therefore, it is hard to conceive that there would be little or no risk of inadvertent disclosure when these same attorneys advise their client in matters regarding acquisitions of patents.

Case No. 1:11-cv-426-LED, 2012 WL 11924448, at *2 (E.D. Tex. June 19, 2012). Other courts have come to similar conclusions. *E.g.*, *Inventor Holdings, LLC v. Google, Inc.*, Case No. 1:14-cv-186, 2014 WL 4369504, at *1 (D. Del. Aug. 27, 2014) (because "the plaintiff is a non-practicing entity it is difficult to envision circumstances in which the <u>inadvertent</u> disclosure of highly confidential information would not be a risk about which to be concerned when the issue being discussed is the future acquisition of patents"), *Telebuyer, LLC v. Amazon.com, Inc.*, Case No. 13-cv-1677, 2014 WL 5804334, at *7 (W.D. Wash. July 7, 2014) ("[p]atent acquisition creates the same risks of inadvertent use as patent prosecution, in that litigation counsel may consciously or subconsciously use their knowledge of ... confidential information to advise a client on which patents to acquire'").

As the *E-Contact* Court found, Apple "possess[es] an enormous amount of confidential and proprietary information and the inadvertent disclosure of such information has very significant financial consequences." 2012 WL 11924448 at 2. Uniloc's infringement claims here target features of Apple's iPhone and iPad. Apple will be producing highly-confidential technical materials, including source code, regarding these products. As in *E-Contact*, "the potential harm of inadvertent disclosure [of the material] outweighs the restriction imposed on counsel for Plaintiff." *Id.* at *2.

Uniloc's two arguments against an acquisition bar both fail. First, Uniloc argued that a bar is not needed because the Protective Order already requires its counsel to use Apple's confidential material "solely for this case." (Ex. A, Proposed Protective Order, § 1.) But Apple is not suggesting that Uniloc's counsel will intentionally misuse Apple's confidential material.

Rather, as in *E-Contact*, the risk is that Uniloc's counsel will inadvertently, unknowingly use this information when advising on patent acquisitions. Telling counsel not to use Apple's information outside this case does not protect against the risk that they will do so unknowingly.

Second, Uniloc argued that this Court rejected an acquisition bar in the previous litigation between the parties, *Uniloc USA, Inc. et al v. Apple Inc.*, Case Nos. 16-cv-00638, -00642 ("*Uniloc 1*"). But in *Uniloc 1*, Uniloc urged the Court to reject the proposed bar as supposedly overbroad. Specifically, Uniloc argued, the bar in *Uniloc 1* applied "without regard to whether Plaintiffs' counsel had actually viewed technical information directly relating to the patent to be acquired." *Uniloc 1*, Case No. 16-cv-00642, Dkt. No. 126 at 3. Apple has tailored its proposal here to address this concern. The proposed bar in this case applies only if (1) the patents to be acquired relate to the subject matter of the patents-in-suit here; and (2) the attorney involved reviewed information <u>relating to the patent to be acquired</u>. The proposed bar is thus narrowly drawn to protect Apple's interests while minimizing the restrictions on Uniloc's counsel.

Further, events since *Uniloc 1* have brought the need for a bar into sharp focus. During *Uniloc 1*, Uniloc's counsel received highly confidential technical information regarding Apple's products. At the same time, Uniloc also selected and purchased dozens of patents from other companies. Uniloc immediately used these freshly-chosen and newly-acquired patents to file ten new lawsuits against Apple, accusing many of the same products from *Uniloc 1*. (Case Nos. 2:17-cv-258, -454, -455, -457, -469, -470, -522, -534, -535, -571.) Apple is thus faced with the real risk that its adversary is suing it on patents selected for purchase by attorneys with detailed, highly-confidential knowledge of Apple's products. This is not a risk Apple should have to bear again in the future. Apple's proposed acquisition bar should be adopted.

Date: August 29, 2017  Respectfully submitted,

By: */s/ Michael Pieja*

Michael T. Pieja (*pro hac vice*)
Alan E. Littmann (*pro hac vice*)
Jennifer Greenblatt
Doug Winnard (*pro hac vice*)
Andrew Rima (*pro hac vice*)
Emma C. Neff (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
jgreenblatt@goldmanismail.com
dwinnard@goldmanismail.com
arima@goldmanismail.com
eneff@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*


*/s/ Kevin Gannon*
Paul J. Hayes
Paul J. Hayes
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com

7

>Edward R. Nelson III
>ed@nelbum.com
>Texas State Bar No. 00797142
>Anthony M. Vecchione
>anthony@nelbum.com
>Texas State Bar No. 24061270
>**NELSON BUMGARDNER PC**
>3131 West 7th Street, Suite 300
>Fort Worth, TX 76107
>Tel: (817) 377-9111
>Fax: (817) 377-3485
>
>**ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, prior to filing this motion, counsel for Apple complied with the meet-and-confer requirement of L.R. CV-7(h). Uniloc's counsel indicated that it did not oppose the relief sought herein.

/s/ Michael Pieja
Michael Pieja

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing JOINT MOTION FOR ENTRY OF PARTIALLY-DISPUTED PROTECTIVE ORDER was filed electronically this 29th day of August, 2017, in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ Kevin Gannon
Kevin Gannon